# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2013

No. 12-41183
Summary Calendar

Lyle W. Cayce
Clerk

DAVID ESCAMILLA dba M2 INTELLECTUAL PROPERTY ASSETS,

Plaintiff-Appellant

v.

M2 TECHNOLOGY, INC, et al.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CV-516

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

Plaintiff-Appellant David Escamilla ("Escamilla") brought multiple trademark infringement and unfair competition claims against Defendant-Appellee over use of the "M2" trademark. The district court found that Escamilla had failed to join a necessary party and dismissed all of Escamilla's claims. Because the owner of a trademark is a required party to an infringement suit concerning the mark, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41183

I.

Escamilla is a software engineer who provides software and computer-based management services through his sole proprietorship M2 Intellectual Property Assets ("M2 IPA"). Escamilla is also the sole shareholder of M2 Software, Inc. ("M2 Software"), a Delaware corporation through which Escamilla operates a portion of his business activities. Not to be confused with Escamilla's business enterprises is Defendant-Appellee M2 Technology, Inc. ("M2 Technology"), a corporate distributor of information technology equipment. As the parties' names might suggest, the instant dispute arises out of their mutual use of the name "M2."

For many years, Escamilla and M2 Software have employed the M2 mark in connection with their business activities. In 1995, M2 Software registered the M2 mark with the United States Patent and Trademark Office, and in 2000, its right to the M2 mark was deemed incontestible. Sometime in early 2010, Escamilla became aware of M2 Technology's application for two trademarks incorporating the M2 mark, which Escamilla immediately opposed. Although M2 Technology abandoned formal registration of the marks, it continued to use them in connection with its business activities. In August 2011, Escamilla brought suit in the name of M2 IPA against M2 Technology, asserting claims of unfair competition and false designation of origin, trademark infringement, trade name infringement, violations of the Anti-Cybersquatting Consumer Protection Act, and various state and common law claims of unfair and infringing business practices. M2 IPA also filed a separate motion for a preliminary injunction.

In October 2011, the magistrate judge denied M2 IPA's preliminary injunction and notified Escamilla as M2 IPA's representative that the non-natural person M2 IPA could not appear pro se in federal court. In a motion for reconsideration, Escamilla informed the court that M2 IPA was merely his individual "doing business as" ("d/b/a") designation. In response, the magistrate

No. 12-41183

judge granted Escamilla's motion and gave him permission to proceed pro se on the condition that he amend the complaint and other filings to reflect M2 IPA's true status as the d/b/a of the individual David Escamilla. He complied and filed an amended motion for a preliminary injunction.

After the court permitted limited discovery on Escamilla's motion for preliminary injunctive relief, M2 Technology moved to dismiss Escamilla's claims for failure to join a necessary party and failure to state a claim. Specifically, M2 Technology argued that M2 Software, as owner and registrant of the disputed mark, was a necessary party to the action under Federal Rule of Civil Procedure 19. Moreover, M2 Technology contended that because Escamilla was not the owner of the disputed mark, he lacked standing to bring his trademark infringement claims. After a hearing on the matter, the magistrate judge ordered Escamilla to join M2 Software and warned that failure to comply would result in dismissal of the case. The court declined to address the pending motion for injunctive relief until M2 Software was joined.

Despite the passage of four months after the court's joinder order, Escamilla failed to join M2 Software as a party. Conceding that this was a "strategy of attrition" designed to avoid the correlative requirement of obtaining licensed counsel for M2 Software, Escamilla nonetheless argued that joinder of M2 Software was not necessary. Escamilla asserted that he could bring suit independently as licensee of the M2 mark and, alternatively, M2 Software would be bound by the court's decision anyway under res judicata principles. In his report and recommendation to the district court, the magistrate judge rejected both of Escamilla's arguments and found that the non-participation of M2 Software in the litigation would expose M2 Technology to the possibility of later having to defend a second suit. Reasoning that forcible joinder of M2 Software would be futile given Escamilla's exclusive control over M2 Software, the court dismissed the case without prejudice. The court further held that without all

3

No. 12-41183

necessary parties joined, Escamilla could not demonstrate a likelihood of success on the merits of his claim and was therefore not entitled to preliminary injunctive relief.[1] The district court adopted the magistrate judge's report and recommendation, and Escamilla now appeals.

## II.

The district court's grant of a Rule 12(b)(7) motion to dismiss for failure to join a necessary party is reviewed for abuse of discretion. *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). We likewise review the district court's denial of a preliminary injunction for abuse of discretion. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 267 (5th Cir. 2012).

## III.

Escamilla first argues that the district court abused its discretion by dismissing his claims for failure to join M2 Software as a party.

Federal Rule of Civil Procedure 19 establishes a two-part inquiry for determining whether an action should be dismissed for failure to join a necessary party. First, Rule 19(a)(1) defines a "required party":

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

---

[1] The court alternatively found that Escamilla as an individual did not have standing to bring many of his claims. Because these findings were not conclusive and were not the basis for the court's dismissal, we decline to address them on appeal.

4

No. 12-41183

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) *leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.*

Rule 19(a)(1) (emphasis added). If the court finds a party necessary to the litigation under Rule 19(a)(1), the party must be joined if possible. However, if the party cannot be joined, Rule 19(b) provides the framework for determining whether the "action should proceed among the existing parties or should be dismissed":

> The factors for the court to consider include:
>
> > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> >
> > (2) the extent to which any prejudice could be lessened or avoided by:
> > > (A) protective provisions in the judgment;
> > > (B) shaping the relief; or
> > > (C) other measures;
> >
> > (3) whether a judgment rendered in the person's absence would be adequate; and
> >
> > (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Thus, only if an absent party is "required" *and* the action could not fairly proceed without the absent party should the action be dismissed under Rule 19.

In the instant case, the district court relied upon Rule 19(a)(1)(B)(ii) to find M2 Software to be a required party. Specifically, the court found that the absence of M2 Software as owner of the trademark potentially exposed M2 Technology to another identical lawsuit by M2 Software. To reach this

No. 12-41183

conclusion, the district court relied primarily on our prior decision in *Association of Co-op. Members, Inc. v. Farmland Industries, Inc.*, 684 F.2d 1134, 1143 (5th Cir. 1982). In that case, this court considered whether Rule 19 required joinder of the alleged licensor of a trademark in an action between the alleged licensee of the trademark and a third party infringer. *Id.* at 1143–44. Although we found that the alleged licensor did not claim any right to the infringed trademark and was therefore not a necessary party, we did so only after discussing the applicability of Rule 19 to a trademark infringement suit in which multiple parties have rights to the trademark. We stated:

> The licensor of a trademark is usually treated as a necessary or indispens[a]ble party in an infringement action by its licensee.
> . . . .
> The licensor of a trademark that is the subject of an infringement action by a licensee falls squarely within the language and policy of [Rule 19(a)]. As owner of the mark, the licensor has a legally protected interest in the subject matter of the action. A judgment for the alleged infringer, whether based on a finding that the licensed mark is not a valid trademark or that the defendant's mark does not infringe it, may prejudice the licensor's rights in his own mark. A judgment for the plaintiff-licensee could result in double obligations for the defendant, should the licensor subsequently sue on his own.

*Id.* at 1143 (citation omitted).

We agree with the district court that there is no basis on which to distinguish *Farmland* from the instant case. As owner of the M2 mark, M2 Software could potentially subject M2 Technology to a burdensome almost-identical lawsuit sometime in the future. Although Escamilla claims that he "practically owns" the M2 mark and is the "statutorily-authorized representative for enforcement" of the mark, his arguments miss the point. The fact remains that a party with indisputable—and primary—rights to the mark is absent from the suit and might attempt to vindicate its own rights one day. Because

6

proceeding without such an integral party may prejudice the missing party's rights or risk duplicative lawsuits, the primary mark-holder is a required party under Rule 19.[2]

Escamilla counters that the district court's reliance upon *Farmland* is misplaced because that case involved a licensor and licensee who were completely independent of each other. In contrast, Escamilla maintains that as the sole shareholder of M2 Software, his participation in the suit renders M2 Software's participation in the suit unnecessary; as the owner of M2 Software, Escamilla contends that the two are in privity and principles of res judicata would make any judgment against him binding against M2 Software. In essence, Escamilla argues for a "sole shareholder exception" to our ordinary requirement that a corporate mark-holder be joined in this context.

To address this argument, we must turn to principles of Delaware corporate law because M2 Software is a Delaware corporation.[3] A brief review of Delaware law on the matter indicates that Escamilla's argument ignores "a fundamental tenet" of corporate law: "a corporation has a continuity of existence regardless of its component members. Even though every stockholder of a corporation may change, the corporation maintains its own identity in perpetuity, because it is a separate and distinct legal entity from its

---

[2] Escamilla also claims to be the assignee of the mark, which if true, might resolve our concerns about duplicative lawsuits. *See* Appellants Br. at 15–16. However, the record belies his assertion. The only evidence we have been offered of any assignment agreement is an unsigned "proposed" assignment. USCA5 at 1296, 1299. Moreover, at the hearing on M2 Technology's motion to dismiss, Escamilla conceded that there was not yet any valid assignment and even appeared to waive any such argument. *See* USCA5 at 1313–15 (MR. ESCAMILLA: "Well, Your Honor, I think we have a misunderstanding. It's not an assignment. I could do the assignment if I wanted to in five minutes at a break. I mean, it's a five-minute on-line filing at the trademark office, but I'm not arguing assignment.").

[3] *See Alberto v. Diversified Group, Inc.*, 55 F.3d 201, 203–04 (holding that a Texas federal district court sitting in diversity should rely upon Texas conflict of law principles, which generally defer to the substantive corporate law of the state of incorporation when addressing matters of shareholder liability).

shareholders." *Cargill, Inc. v. JWH Special Circumstance LLC*, 959 A.2d 1096, 1109 (Del. Ch. 2008). Moreover, "Delaware courts take the corporate form and corporate formalities very seriously [and] will disregard the corporate form only in the 'exceptional case.'" *Vichi v. Koninklijke Philips Elec. N.V.*, 62 A.3d 26, 49 (Del. Ch. 2012).[4] As we have observed before, Delaware law looks to numerous factors to determine whether a corporation's identity has been so ignored and abused as to render it the "alter-ego" of its owner/shareholders.

> These factors include whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.

*Alberto*, 55 F.3d at 205 (citation omitted).

In the instant case, Escamilla has not alleged that M2 Software's corporate form was illusory, much less pointed us to any evidence from which we could draw that conclusion. From what can be gleaned from the record, Escamilla is careful to maintain the identity of M2 Software as distinct from himself.[5] Exclusive ownership of corporate stock, without more, is an insufficient basis to disregard the corporate form. Because M2 Software and Escamilla are legally distinct persons, the requirement that M2 Software be joined is not satisfied by Escamilla's participation in the lawsuit.

---

[4] (internal quotation marks omitted).

[5] *See, e.g.,* Transcript of Hearing on Motion to Dismiss, USCA5 at 1308:

> THE COURT: Well, why – why hasn't M2 Software Inc., why is that not a party in this case?
>
> MR. ESCAMILLA: It's purely a financial issue. It's a strategy of attrition they're trying to undergo.

No. 12-41183

The determination that M2 Software is a required party under Rule 19(a) does not end our inquiry, however, because the absence of a required party does not always require dismissal. Under Rule 19(b), an action should only be dismissed if the required party cannot be joined, and the required party's absence would unfairly curtail the rights of a party or interfere with the rights of an absent party. Specifically, a court should consider: (1) the extent to which a judgment might cause prejudice to the parties or absent person; (2) the extent to which any prejudice could be lessened or avoided by protective provisions; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed. *See* Rule 19(b).

In the instant case, it is undisputed that M2 Software could not be joined.[6] Proceeding to Rule 19(b)'s equitable considerations, the possibility of a duplicative lawsuit against M2 Technology is very real and could be quite costly and inconvenient. Although Escamilla offered the district court his personal assurance that M2 Software would not later file a similar suit, such a non-binding commitment does not suffice to alleviate the potential prejudice to M2 Technology. In contrast, Escamilla could negate all of these concerns merely by joining M2 Software as a party, but it steadfastly refuses to do so. Moreover, in the interim since the district court's judgment, Escamilla has apparently secured an alleged assignment of the M2 trademark from M2 Software and re-filed his original claims, ostensibly negating any need for M2 Software's joinder.[7]

---

[6] Rule 19(a)(2) provides that "[i]f a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." While this arguably compelled the district court to order that M2 Software be joined involuntarily, that issue has not been raised by the parties and we therefore decline to address it.

[7] *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 254 (5th Cir. 1997) (finding that plaintiff's action in properly re-filing her lawsuit addressed any harm she suffered by virtue of the district court's dismissal of her original suit).

No. 12-41183

Given the potential prejudice of excusing M2 Software's absence on the record in this case and the ready alternatives Escamilla has already begun to utilize, we find that dismissal of the action pursuant to Rule 19(b) was appropriate. Because the district court could not proceed to the merits without an indispensable party, it also follows that there is no likelihood of Escamilla succeeding on the merits and so injunctive relief would not be appropriate. *See Keweenaw Bay Indian Community v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) ("The court's subsequent dismissal of the action for failure to join an indispensable party render[s] the injunction request moot.").[8] Accordingly, the district court did not abuse its discretion in denying injunctive relief.[9]

---

[8] *See also Klaus v. Hi-Shear Corp.*, 528 F.2d 225, 234–35 (9th Cir. 1975) (vacating an injunction because the district court failed to join indispensable parties), *abrogation on other grounds recognized by Stahl v. Gibraltar Fin. Corp.*, 967 F.2d 335, 338 (9th Cir. 1992).

[9] Escamilla's other extraneous arguments need not be addressed at length: (1) Because we hold that the action should be dismissed for failure to join a required party, we need not determine whether Escamilla individually has standing to pursue his various trademark infringement claims. (2) Escamilla also argues that the magistrate judge did not have authority to deny his first motion for a preliminary injunction, and that he erred by denying the motion because of Escamilla's attempt to represent M2 IPA pro se. However, this argument is moot and need not be addressed; shortly after the magistrate judge's denial of Escamilla's motion, the judge issued an order granting Escamilla's motion for reconsideration and allowing him to restyle his motions to clarify M2 IPA's status as the d/b/a of Escamilla. (3) It is irrelevant that the district court placed the burden of proving the non-necessity of joinder on Escamilla; even if M2 Technology bears the burden of proving the Rule 19 necessity of M2 Software, we have found that it has carried its burden. (4) Because we hold that this action should be dismissed, we need not consider Escamilla's request that we consolidate this case with his other pending case. (5) Because Escamilla challenges the neutrality of the magistrate judge on appeal for the first time, there is no record to substantiate his claim and his argument is waived. *See Stephenson v. Paine Webber Jackson & Curtis, Inc.*, 839 F.2d 1095, 1096 n.3 (5th Cir. 1988) (finding that plaintiff waives recusal challenge by not raising it until appeal). (6) To the extent Escamilla challenges the magistrate judge's ability to delay final judicial consideration of injunctive relief, 28 U.S.C. § 636(a)(1)(B) explicitly permits a magistrate judge to conduct hearings and issue a report and recommendation concerning such relief. Because most of the delay was due to the district court's delay in considering the magistrate judge's report and recommendation and Escamilla's refusal to comply with discovery requests or join a necessary party, Escamilla cannot blame the delay on the magistrate judge. Moreover, "any defect was cured by the district court's *de novo* review [and adoption] of the magistrate judge's report and recommendation." *See Allison v. Askins*, 45 F. App'x 319 at *1 (5th Cir. 2002) (unpublished).

No. 12-41183

IV.

For the reasons stated above, the judgment of the district court is AFFIRMED.